# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANNI E. STUMPF, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-0913 |
| v. | : | (JUDGE MANNION) |
| ANDREW M. SAUL[1], Commissioner of Social Security | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Pending before the court is the September 10, 2019 report of Judge Gerald B. Cohn, which recommends that the plaintiff's complaint challenging the final decision of the Commissioner denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, (Doc. 1), 42 U.S.C. §§401-433, 1381-1383f, be denied, and that the decision of the Commissioner be affirmed. (Doc. 12). Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for DIB and SSI. The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3). The plaintiff, Tanni E. Stumpf, filed objections to Judge Cohn's

---

[1]Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed.R.Civ.P. 25(d).

report. (Doc. 13). The Commissioner waived his opportunity to respond to the plaintiff's objections. (Doc. 14).

For the following reasons, the report and recommendation will be **ADOPTED** and the plaintiff's appeal will be **DENIED**.

I.    **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court

2

may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

Recently, the Supreme Court in Biestek v. Berryhill, —U.S.—, 139 S.Ct. 1148, 1154 (2019), stated that "the threshold for [ ] evidentiary sufficiency [substantial-evidence standard] is not high." "It means—and means

3

only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II.   RELEVANT MEDICAL EVIDENCE[2]

Judge Cohn's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Cohn's report with

---

[2]The court notes that since Judge Cohn stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

respect to his medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step is in the record, (Tr. 20-25), the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III. DISCUSSION

In October 2014, the plaintiff filed applications for DIB and SSI, alleging an onset disability date of April 4, 2003. Subsequently, plaintiff amended his alleged onset disability date to August 3, 2014. In a March 29, 2017 decision, the ALJ found that the plaintiff was not disabled from August 3, 2014, through the date of his decision.[3] (Tr. 18, 27). Specifically, the ALJ found that the plaintiff was not disabled regarding both his DIB application filed on October 28, 2014, and his SSI application filed on October 1, 2014. (Tr. 18) Plaintiff was 49 years and 10 months old at the time of the ALJ's decision. The ALJ

---

[3]December 31, 2020, is the last date that plaintiff meets the insured status requirements of the Social Security Act. If the claimant is disabled by the last date that he meets the requirements of being insured, he will receive disability insurance benefits. *See* 42 U.S.C. §423(a)(1)(A), (c)(1).

5

found that plaintiff had the following severe impairment, "congenital hydrocephalus status-post ventriculoperitoneal shunt." However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, namely, Listing 11.00, *et seq*. The ALJ also found that plaintiff's mental impairment of depression was not severe.

The plaintiff raises two objections to the R&R claiming that Judge Cohn erred in his report with respect to his findings about the decision of the Administrative Law Judge ("ALJ"), namely: (1) the judge erred in finding that the ALJ correctly evaluated the opinions and functional assessments of plaintiff's treating physician, Dr. Thomas Grana, and erred in finding that the ALJ gave proper weight to the state agency consultant; and (2) the judge erred in finding that the ALJ correctly determined plaintiff's RFC. These are the same two issues which the plaintiff raised in his instant appeal regarding alleged errors by the ALJ.[4]

The court has considered the R&R and the plaintiff's objections to it. The plaintiff contends that the ALJ should have given greater weight to the opinion of his treating physician and that he improperly afforded too much weight to the state consulting examiner. Upon de novo review of plaintiff's first

---

[4]In his report, Judge Cohn specified the ALJ's findings which plaintiff challenged in his brief as well as his (Judge Cohn's) reasoning for finding that substantial evidence supported the ALJ's findings. As such, the court does not repeat these discussions herein.

6

objection, the court finds that Judge Cohn correctly found that the ALJ did not err in evaluating the May 2015 and September 2016 opinions of plaintiff's treating physician, Dr. Grana, and in affording little weight to his opinions.

"[T]he treating physician's rule entitles the opinion of a treating physician to controlling weight, absent significant evidence inconsistent with that opinion." Rodriguez v. Colvin, 2018 WL 1474073, *7 (E.D.Pa. March 23, 2018) (citations omitted). The Third Circuit has "long accepted" that the findings of a treating physician "must [be] give[n] greater weight ... than ... the findings of a physician who has examined the claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (citations omitted). The regulations as well as courts require the ALJ "give good reasons for the amount of weight given to a treating physician's opinion." Fargnoli, 247 F.3d 42-44; *see also* 20 C.F.R. §404.1527(d)(2). However, a treating physician's opinion can be rejected by the ALJ based on contradictory medical evidence. *See* Frankenfield, 861 F.2d at 408. Further, if the ALJ does not give a treating physician's opinion controlling weight, he must provide his reasons for the weight given. 20 C.F.R. §404.1527.

The record, as discussed in detail by Judge Cohn, (Doc. 12 at 9), supports the ALJ's findings and the little weight he afforded to Dr. Grana's May 2015 and September 2016 opinions regarding the plaintiff's conditions and symptoms, and his answers in a questionnaire which basically indicated that plaintiff was not able to work based on his symptoms. Additionally, Judge

7

Cohn found that the ALJ's determination that the plaintiff had the RFC to perform light work was supported by the medical evidence, including the December 2014 opinion of the state agency medical consultant, Dr. Balogh, to which the ALJ afforded greater weight. (Doc. 12 at 10). No doubt that "the opinions of non-examining physicians can override a treating source's opinions, provided that the former are supported by evidence in the record." Rodriguez, 2018 WL 1474073, *7 (citations omitted). Thus, if "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). *See also* Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) ("In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another.") (citation omitted). Here, the R&R correctly finds that "[t]he ALJ's allocating greater weight to the agency opinions [particularly since "Dr. Balogh's opinion is the only opinion in the record that enumerates in detail [plaintiff's] work-related limitations and abilities"] and the ALJ's final determination of disability is supported by substantial evidence." (Id. at 9-11).

The R&R concludes that since "[l]eading to the time of the ALJ decision the medical records generally described [plaintiff's] 'intermittent' symptoms", "[s]ubstantial evidence supports the ALJ's conclusion that there was not a significant deterioration of symptoms that would support greater weight to Dr.

8

Grana's opinions."(Id. at 13).

Judge Cohn fully discusses how the record supports the ALJ's decision as to the little weight he afforded to Dr. Grana's opinions regarding the extent of the plaintiff's condition and limitations. As such, the ALJ properly evaluated the opinions Dr. Grana and explained how they were not supported by the record. Further, despite the questionnaire completed by plaintiff's treating doctor essentially indicating that plaintiff's symptoms would not permit him to work, the finding of whether the plaintiff is disabled or unable to work is reserved for the Commissioner. *See* Zonak v. Comm'r of Social Sec., 290 Fed.Appx. 493, 497 (3d Cir. 2008).

Judge Cohn applied the proper case law and regulations to the ALJ's findings regarding the opinions of Dr. Grana, and concluded that substantial evidence supported the ALJ's determinations. The court concurs with Judge Cohn and his finding that the ALJ gave a thorough explanation in assigning the little weight to Dr. Grana's opinions and greater weight to the December 2014 opinion of Dr. Balogh. *See* Fullen v. Comm'r of Soc. Sec., 705 Fed.Appx. 121, 125 (3d Cir. 2017) (Third Circuit stated that "*Morales v. Apfel* requires that 'the ALJ accord treating physicians' reports great weight,' but there is no requirement to accept those opinions if they are not supported by sufficient evidence in the record."); Myers v. Barnhart, 57 Fed.Appx. 990, 996 (3d Cir. 2003) ("[A]n ALJ can choose to accept the findings of evaluating, non-examining state agency physicians over the opinions of treating

physicians where the treating physicians' opinions were 'conclusory and unsupported by the medical evidence' and contradictory to other medical evidence of record.") (citation omitted).

As such, plaintiff's first objection to Judge Cohn's report will be overruled.

Secondly, the plaintiff argues that Judge Cohn erred when he found that the ALJ properly determined his RFC. The ALJ found that plaintiff had an RFC to perform light work, with limitations, which, by definition, meant that plaintiff could lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.[5] (Tr. 22). *See* [20 C.F.R. §416.967(b)](#); 20 C.F.R. §404.1567(b).

A plaintiff's RFC is the most he can do despite his limitations. *See* 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In determining an individual's RFC, the ALJ considers all medical and non-medical evidence of record. *See* 20 C.F.R. §§404.1545(a)(3), 416.945(a)(3). In Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), the court held that the ALJ's RFC assessment must satisfactorily incorporate all of the plaintiff's established limitations.

Plaintiff basically contends that the ALJ cherry picked his medical records and notes to support the finding that he was not disabled and failed to review all of his records which showed the continuing and persistent nature

---

[5]Since the ALJ's RFC determination is stated in his decision, the court does not repeat it herein. (Tr. 22).

10

of his symptoms, such as his constant migraine headaches and severe stomach cramps. Contrary to plaintiff's contention, the R&R concludes that "the ALJ did not focus solely on isolated boilerplate reports reflecting Plaintiff's improvement while neglecting exacerbations in symptoms." (citing Tr. 22-25). The R&R also states that the ALJ did consider plaintiff's testimony and allegations of debilitating symptoms but found that "[Plaintiff's] treatment records consistently document generally unimpaired functional capability, reflect only intermittent reports of headaches, and consistently note assessments that the claimant's condition was stable and did not require more than conservative care." (Tr. 24). It then found that the ALJ's RFC determination was based upon a proper assessment of the plaintiff's physical capabilities and all of the medical evidence, and that the ALJ properly determined that the plaintiff could perform light work activity.

Moreover, the ALJ discussed other medical evidence in the record regarding the symptoms identified by plaintiff and Dr. Grana, and despite this evidence, the ALJ found that the plaintiff could perform light work with limitations. Also, a review of the record reflects that, although the ALJ gave little weight to Dr. Grana's opinions, including his May 2015 opinion that plaintiff "was 'fully disabled' as a result of intermittent uncontrolled headaches and mental status changes", the ALJ's RFC assessment was based upon the evidence of record as a whole. The ALJ also gave greater weight to the December 2014 opinion of Dr. Balogh who found that the plaintiff's limitations

did not prevent him from performing light work, and the ALJ relied upon this doctor's opinion to support his RFC assessment. (Tr. 24-25).

Thus, the court agrees with Judge Cohn's conclusion that the ALJ properly assessed the plaintiff's RFC and, therefore finds that the ALJ's RFC determination is supported by substantial evidence in the record.

As such, plaintiff's second objection to the R&R will be overruled.

Accordingly, both of the plaintiff's objections, (Doc. 13), to Judge Cohn's report, (Doc. 12), will be overruled, and the report will be adopted in its entirety.

### III. CONCLUSION

In light of the foregoing, Judge Cohn's report and recommendation, (Doc. 12), is **ADOPTED**, and plaintiff's objections, (Doc. 13), are **OVERRULED**. Further, the plaintiff's appeal, (Doc. 1), of the Commissioner's decision denying his applications for DIB and SSI is **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 24, 2020**
18-0913-01.wpd